483 S.E.2d 272

STATE of West Virginia ex rel. Edward
E. SMITH, Petitioner,

v.

William C. DUNCIL, Warden, Huttonsville Correctional Center, and the West Virginia Board of Probation and Parole, Respondents.

No. 23672.

Supreme Court of Appeals of
West Virginia.

Dec. 17, 1996.

PER CURIAM.

This is an original proceeding in habeas corpus. The petition was filed on May 30,

1996, and a writ issued on September 10, 1996, returnable October 29, 1996. Upon the petition and other documents filed herein, this Court concludes that the respondents have complied with all requirements of the law, leaving no justiciable issue for consideration. Consequently, we dismiss this case as moot and discharge the writ previously awarded.

Petitioner was convicted of burglary and sentenced to 1–to–15 years of imprisonment. On February 14, 1995, petitioner was released on parole. On January 11, 1996, petitioner was charged with seven parole violations. Counsel was appointed to represent petitioner, and a preliminary hearing was conducted on March 8, 1996, at which time probable cause was found on five of the revocation charges. A final hearing was conducted on March 29, 1996, and, by order dated April 26, 1996, the Parole Board revoked parole, finding petitioner guilty of failure to participate in a drug abuse treatment program, failure to complete a truthful written report, failure to report to a probation officer and failure to pay supervision fees. The parole revocation order was signed by only one member of the Parole Board.

On May 30, 1996, petitioner filed with this Court a petition for a writ of habeas corpus, alleging, *inter alia,* that the Parole Board's order failed to show on its face that more than one Board members had voted on the revocation as required by *State ex rel. Eads v. Duncil,* 196 W.Va. 604, 474 S.E.2d 534 (1996). By order dated September 10, 1996, this Court issued the writ prayed for, returnable October 29, 1996, unless sooner mooted by respondents' compliance with *Eads.*

On October 10, 1996, this Court received a letter from counsel for petitioner, stating that the Parole Board appeared to have complied with *Eads* by virtue of a statement, signed by the Board's Secretary, stating that three members of the Board had considered the evidence against petitioner and ruled on the parole revocation.

It appears from the correspondence of petitioner's own counsel and the statement of the Parole Board's Secretary that the Parole Board has, in fact complied with the requirements of *Eads* that the evidence adduced in parole revocation proceedings be considered and voted on by the Parole Board as a body, rather than by only one member of the Board. Because the writ issued only to address the *Eads* issue, there does not appear to be any further issue for this Court to address.

It is, therefore, Adjudged and Ordered that the writ of habeas corpus heretofore issued by this Court be discharged and that this case be dismissed from the docket of this Court as moot.